Case 2:16-cv-00504 Document 19 Filed on 10/05/17 in TXSD Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
October 05, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MANUEL CASTILLO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-504 |
| | § | |
| TEXAS BOARD OF PARDON AND PAROLES, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In this prisoner civil rights action, Plaintiff Manuel Castillo complains that Defendants have violated his due process rights by failing to calculate his original 40-year state court sentence in a proper manner. (D.E. 1). Pending before the Court is Defendants' Motion for Summary Judgment. (D.E. 18). For the reasons stated herein, it is respectfully recommended that the Court grant Defendants' Motion for Summary Judgment and that Plaintiff's claims be dismissed with prejudice.

### I. JURISDICTION

The Court has federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331.

### II. PROCEDURAL BACKGROUND

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID") and is currently incarcerated at the McConnell Unit in Beeville, Texas. On November 22, 2016, Plaintiff filed this civil rights action against:

(1) Bryan Collier, the Executive Director of the TDCJ; (2) David Gutierrez, the Presiding Chairman of the Texas Board of Pardons and Paroles (Board);[1] and (3) Lorie Davis, the Director of the TDCJ-CID.  (D.E. 1, p. 3).

Plaintiff alleges in the Original Complaint that Defendants violated his due process rights by failing to calculate his state court sentence properly.  (D.E. 1, p. 4). Plaintiff asserts that his "sentence must be continuous" and that Defendants have "prolonged [his] sentence by not recognizing his original [40-year] sentence" in 1985. (D.E. 1, p. 4).  Plaintiff further asserts that his "Texas Parole Certificate is void *ab initio* because it contains a stipulation prohibited by State and Federal law and was signed under duress."  (D.E. 1, p. 4).  While not seeking "a speedy release," Plaintiff requests declaratory and injunctive relief in the form of having his original 40-year sentence recognized as "one continuous sentence period" and not "moved."  (D.E. 1, p. 4).

On February 3, 2017, the undersigned ordered service on Defendants, who then filed their answer to Plaintiff's complaint on March 16, 2017.  (D.E. 10, 12).  On August 9, 2017, Defendants filed the instant Motion for Summary Judgment.  (D.E. 18).  Plaintiff has not filed a response to the summary judgment motion.  The motion, therefore, is deemed unopposed.[2]

---

[1] In his Original Complaint, Plaintiff listed as a Defendant the Board's "Head." (D.E. 1, p. 3).  As Board Chairman, Defendant Gutierrez is deemed the proper defendant.

[2] According to the Local Rules for the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition."  LR 7.4.

**III.    SUMMARY JUDGMENT EVIDENCE**

Defendants offer the following summary judgment evidence:

Exh. A:    Extracts of Plaintiff's Central Parole File (D.E. 18-1).

Exh. B:    Extracts of Plaintiff's Offender Information Management System (OIMS) Record (D.E. 18-2).

Exh. C:    Affidavit of Charley Valdez (D.E. 18-3).

Exh. D:    Plaintiff's OnBase Record (D.E. 18-4).

Exh. E.    Plaintiff's State Court Application for Writ of Habeas Corpus (D.E. 18-5).

Exh. F.    Extracts of Plaintiff's Central Parole File (D.E. 18-6).

Defendants' competent summary judgment evidence establishes the following. In *State of Texas v. Manuel Castillo*, Cause No. 85CR1021, 186th Judicial District Court, Bexar County, Texas, a Bexar County jury found Plaintiff guilty of aggravated robbery with a deadly weapon. (D.E. 18-1, p. 8). Plaintiff was sentenced to forty (40) years in prison in the TDCJ with his sentence to begin on March 19, 1985. (D.E. 18-1, pp. 8-9).

In *State of Texas v. Manuel Castillo*, Cause No. 2,402, 23rd Judicial District Court, Brazoria County, Texas, a Brazoria County grand jury issued an indictment against Plaintiff on August 7, 1990, charging him with habitual aggravated assault upon finding that he had intentionally caused bodily injury to a TDCJ employee on January 4, 1990. (D.E. 18-1, p. 7). On May 24, 1991, Plaintiff entered into a plea bargain in the Brazoria County case and was sentenced to two years in prison, with his sentence to begin after Plaintiff had completed his sentence in Cause No. 85CR1021. (D.E. 18-1, pp.

10-11). Plaintiff was credited with 290 days of pre-sentence jail credit. (D.E. 18-1, p. 10).

In *State of Texas v. Manuel Castillo*, Cause No. 41,946-D, 320th Judicial District Court, Potter County, Texas, Plaintiff pled guilty on May 3, 2002, to the offense of possession of a prohibited substance in a correctional facility. (D.E. 18-1, pp. 12-14). Plaintiff was sentenced to three years in prison with his sentence to begin after Plaintiff had completed his sentence in Cause No. 85CR1021. (D.E. 18-1, p. 12). Plaintiff was afforded pre-sentence jail credit from October 28, 1998 through May 3, 2002, totaling 1283 days. (D.E. 18-1, pp. 12, 14).

Plaintiff became eligible for parole on April 24, 2002, and was subsequently released on parole on October 2, 2009. (D.E. 18-1, pp. 3-5; D.E. 18-2, p. 3). On April 12, 2010, a pre-revocation warrant was issued on Plaintiff, and the Board decided on May 6, 2010, to assign Plaintiff to an Intermediate Sanction Facility (ISF) rather than revoke his parole. (D.E. 18-1, p. 6). On August 12, 2010, Plaintiff was released from the ISF and returned to parole supervision. (D.E. 18-1, p. 6). Plaintiff was afforded jail credit from April 12, 2010 to August 27, 2010. (D.E. 18-3, p. 3).

On July 26, 2011, another pre-revocation warrant was issued on Plaintiff, and the Board decided on August 23, 2011, to assign Plaintiff to an ISF rather than revoke his parole. (D.E. 18-1, p. 6). On December 1, 2011, Plaintiff was released from the ISF and returned to parole supervision. (D.E. 18-1, p. 6). Plaintiff was afforded jail credit from July 26, 2011 to December 1, 2011. (D.E. 18-3, p. 3).

On April 4, 2014, the Board revoked Plaintiff's parole, and he was returned to TDCJ custody. (D.E. 18-2, p. 4).

On September 16, 2016, Plaintiff filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure in the Texas Court of Criminal Appeals (TCCA), seeking relief in connection with his forty-year sentence in Cause No. 85CR-1021. (D.E. 18-4). Plaintiff claimed that he was denied sufficient work-time credits, that his sentence was improperly increased by several years in violation of his state and federal rights, and that he was improperly denied good-time credits when released from parole. (D.E. 18-4, pp. 4-11). The TCCA denied Plaintiff's state habeas application without a written order on February 24, 2016. (D.E. 18-5, p. 5).

On March 10, 2017, the Board panel voted to deny Plaintiff's release on parole, and his next parole review was scheduled for March, 2018. (D.E. 18-6, p. 3).

### IV.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion.

*Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence, or evaluate the credibility of witnesses. *Id.* Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

## V. DISCUSSION

Plaintiff primarily claims in his Original Complaint that he should have served his 40-year sentence imposed in 1985 as one continuous sentence. (D.E. 1, p. 4). Defendants contend in their summary judgment motion that the "one continuous period of discharge rule" is no longer controlling law in Texas and that Plaintiff was not entitled to any time credits against his 40-year sentence for the periods he was released on parole. (D.E. 18, pp. 8-11). Defendants further contend that Plaintiff's claims are barred by the doctrine enunciated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). (D.E. 18, pp. 11). Lastly, Defendants contend that Plaintiff has failed to assert a violation of his due process rights in that all of his state court sentences were properly calculated and he was afforded appropriate time credits over the years. (D.E. 19, pp. 12-15).

The undersigned will first consider whether *Heck* bars Plaintiff's claims in this case. A district court must dismiss a § 1983 civil rights complaint under *Heck* if success in the action would necessarily imply the invalidity of the plaintiff's conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

Notwithstanding whether the plaintiff seeks declaratory, injunctive, or monetary relief, a § 1983 action is *Heck*-barred "*if* success in the action would necessarily demonstrate the invalidity of confinement or its duration." *See Burgess v. Livingston*, No. H-16-3740, 2017 WL 666129, at *2 (S.D. Tex. Feb. 17, 2017) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (emphasis in original)). *Heck* applies to claims challenging the calculation of sentences as well as matters involving jail time credits. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that procedural due process claim related to the revocation of good-time credits in a prison disciplinary proceeding is not cognizable under § 1983 because success on the claim would "necessarily" imply the invalidity of continued imprisonment); *Whitehurst v. Jones*, 278 F. App'x 362, 363 (5th Cir. 2008) (concluding that claims challenging the denial of time credits, which unlawfully extend the period of incarceration, directly implicate the duration of prisoner's confinement); *Hernandez v. Tisdale*, No. 4:12-CV-3387, 2015 WL 1220316, at *6 (S.D. Tex. Mar. 14, 2015) (recognizing that claims challenging the denial of time credits or the calculation of release dates are "subject to *Heck's* favorable-termination requirement").

Despite Plaintiff's assertion that he does not seek a speedier release, the undersigned finds that success on Plaintiff's due process claims challenging whether his original 40-year sentence was calculated properly would necessarily implicate the duration of his confinement and lead to an earlier release from TDCJ custody. In order to obtain § 1983 relief in this action, Plaintiff must show that any calculation with respect to

this state court sentence, including determinations related to jail time credits, have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a writ of habeas corpus under § 2254. *See Heck*, 512 U.S. at 486-87.

The competent summary judgment submitted by Defendants reflects that Plaintiff filed a state habeas application under Article 11.07 in which he sought relief in connection with the 40-year sentence imposed in Cause No. 85CR1021. (D.E. 18-4). On February 24, 2016, however, the TCCA denied Plaintiff any habeas relief in the form of recalculating or setting aside any aspect of this state court sentence. (D.E. 18-5, p. 5).

The undersigned takes judicial notice that Plaintiff filed a federal habeas application in 2016, also seeking to challenge his 40-year sentence as well as the forfeiture of good time and street-time credits due to Plaintiff's parole revocation. (*See Manuel Castillo v. William Stephens*, No. SA-16-CA-258-FB (W.D. Tex. filed on Mar. 11, 2016) (*Castillo I*)). On March 21, 2016, the district court dismissed Plaintiff's federal habeas application, concluding that the application was barred by the applicable one-year statute of limitations and also failed to present a basis for federal habeas relief. (*Castillo I*, D.E. 5). The San Antonio district court specifically determined that: (1) under both the current law and the law in place at the time Plaintiff's sentencing, Plaintiff was not entitled to any previously accrued good-time or street-time credits upon the revocation of his parole; (2) Plaintiff failed to state a double jeopardy, *ex post facto*, due process, or separation-of-powers claim; (3) any claim that he was forced to sign the parole contract

was deemed spurious as he remained free to reject any parole terms and instead serve his sentence. (*Id.*).

Because Plaintiff cannot demonstrate that matters regarding the calculation of his 40-year sentence as well as subsequent determinations related to jail-time credits were ever invalidated, Plaintiff's § 1983 claims against Defendants are barred by *Heck*.[3] Accordingly, the undersigned respectfully recommends that Defendants' Motion for Summary Judgment be granted and that this action be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that *Heck*-barred claims must be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

## VI. RECOMMENDATION.

For the foregoing reasons, it is respectfully recommended that Defendants' Motion for Summary Judgment (D.E. 18) be GRANTED and that Plaintiff's § 1983 claims against Defendants be DISMISSED WITH PREJUDICE.

Respectfully submitted this 5th day of October, 2017.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[3] The undersigned declines to construe Plaintiff's complaint as a federal habeas application. It is true that federal habeas actions under § 2254 provide the proper method for state prisoners to challenge the calculation of state court sentences, including time credit determinations. *See Wilson v. Johnson*, No. 6:07cv232, 2007 WL 2823289, at *3 (E.D. Tex. Sep. 27, 2007) (citing *Whitehead v. Johnson*, 157 F.3d 384, 385-86 n.1 (5th Cir. 1998)). However, as discussed above, Plaintiff's § 2254 federal habeas action seeking to challenge the calculation of his 40-year sentence has been rejected by the district court in the Western District of Texas. (*Castillo I*, D.E. 5).

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).